UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN FITCH

    Plaintiff,

vs.  Case No. 4:10-cv-13369-MAG-MKM
Hon. Mark A. Goldsmith

MICHIGAN AUTOMOTIVE
COMPRESSOR, INC.

    Defendant.

_____

| | |
|---|---|
| ALAN B. POSNER (P27981) | MARGARET CARROLL ALLI (P38281) |
| KELMAN LORIA, PLLC | ERIC A. MAHLER (P66383) |
| Attorney for Plaintiff | Ogletree, Deakins, Nash Smoak & Stewart, PLLC |
| 17000 W. 10 Mile Rd. Ste. 100 | Attorneys for Defendant |
| Southfield, MI 48075 | 33 Bloomfield Hills Parkway, Suite 120 |
| (248) 228-8870 | Bloomfield Hills, Michigan 48304 |
| (248) 228-8875 Fax | (248) 593-6400 |
| alposner@kelmanloria.com | (248) 593-2603 |
| | meg.alli@ogletreedeakins.com |
| | eric.mahler@ogletreedeakins.com |

_____

**STIPULATED PROTECTIVE ORDER**

    IT IS HEREBY ORDERED AS FOLLOWS:

    1.    **Parties**. Plaintiff, John Fitch, ("Plaintiff") is seeking the production of documents and information from Defendant, Michigan Automotive Compressor, Inc. ("MACI" or "Defendant") and from persons not a party to this litigation. Defendant is

seeking the production of documents and information from Plaintiff and persons not a party to this litigation.

2.  **Confidential Information**. Either party may designate as "confidential" any documents (or disks containing electronically stored information), when such materials refer or relate to, or would otherwise disclose, information of a sensitive personal (including but not limited to, medical information, home address, date of birth, dependants) proprietary, trade secret or confidential business nature. It is intended by this Protective Order that all documents containing proprietary, confidential, personal and/or private information about Defendant, Defendant's employees, Plaintiff, or third parties from whom documents or information are sought are hereby designated as confidential. No other information shall be designated confidential under this order, but each party may make application to have such other information designated as confidential under a separate order.

3.  **Labeling of Confidential Information.** Any copy of a document delivered to any party that is subject to this Protective Order shall be conspicuously marked **"Confidential" or "Confidential: Subject to a Protective Order"** by placing or affixing a stamp on the material in a manner so that it will not interfere with its legibility.

4.  **Permitted Disclosure of Confidential Information**. Any information or document as described in paragraph 2 shall be made available only to the following: (a) parties, counsel for the parties and such secretaries, paralegals, and other staff members

assisting each parties' counsel in the preparation and trial of this case; (b) experts assisting each parties' counsel in the preparation and trial of this case; (c) witnesses in this case; and (d) outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials. Any information or document designated as confidential shall not be made available to any persons or entities other than those named in this paragraph except as provided in paragraph 4 of this Protective Order. Each person or entity, other than those designated in paragraph 3, to whom designated confidential information or documents are made available, shall be advised of the provisions of this Protective Order and shall agree to abide by its terms and conditions prior to reviewing any confidential documents or information. Subject to the terms of this Protective Order, all persons to whom any designated confidential information or document is disclosed or given shall maintain the confidentiality of that information or document.

5. **Use of Confidential Information in Depositions**. Any depositions taken in this action in which any information or document designated confidential may be disclosed or utilized shall be attended only by the deponent, by counsel of record for the parties, by designated representatives of the parties, and by the court reporter and/or videographer. All information disclosed in, and any transcripts made of, such depositions shall be treated in accordance with the confidential restrictions set forth in this Protective Order.

6. **Copies or Summaries of Confidential Information**. No summary or copy of any designated confidential information or documents shall be made by any person other than at the express direction of the attorney to whom disclosure was first made. Any such summary or copy shall be subject to the terms of this Protective Order to the extent the information or document from which such summary or copy is made is designated confidential.

7. **Return of Confidential Information.** All confidential materials, information, and documents covered by this Protective Order, together with any authorized summaries or copies, must be returned to opposing counsel within 30 days of the termination of this action.

8. **Consent Required to Disclose Confidential Information to Others**. In the event that counsel for either party determines that any person other than those referred to in this Protective Order should be permitted to examine designated confidential material, documents, or information encompassed within this Protective Order, counsel shall confer with opposing counsel in an effort to resolve the matter. In the absence of agreement, counsel may apply to the court to examine the confidential material, documents, or information at issue, which application shall state with specificity the reasons justifying this examination.

9. **Modification of this Order.** Maintenance of the confidential status of any information, document or material shall in all cases be subject to further order of the

Court and nothing in this Protective Order shall preclude any party from applying to the Court for modification of the terms of this Order as may be appropriate, provided, however, that prior to any application the parties shall confer and make a good faith effort to resolve the matter by agreement.

10. **No Waiver of Confidentiality.** The inadvertent failure of a party producing material to designate as "confidential" any document or other material referred to in paragraph 2 shall not constitute, be construed as, or have the effect of, a waiver of confidentiality. If any material designated as "confidential" is inadvertently disclosed to any person not authorized to have access thereto, the party (or counsel) responsible for the inadvertent disclosure must notify the other party in writing. Such notice shall be sent within three (3) days after the inadvertent disclosure is discovered, and shall identify by name, address, telephone number, and employer, each unauthorized person to whom disclosure was made, the date of such disclosure, and the surrounding circumstances.

11. **Use of Confidential Information at Trial.** If this action proceeds to trial, the parties mutually agree to apply for the entry of a protective order requiring the sealing of confidential documents to be used as exhibits and evidence at trial or other procedure to preserve confidentiality as provided by the relevant court rules. Nothing in this Protective Order shall be considered or construed as a waiver of any party's right to object to: (a) the production of any documents or information or (b) the introduction

of any documents or information as evidence at trial on any permissible ground under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

12. **No Wavier of Attorney Client or Work Product Privileges**. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

Upon written notice of an unintentional production by the producing party (or oral notice if notice must be delivered at a deposition) the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. If the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

If the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified

of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified information until the claim is resolved.

Dated: December 10, 2010　　　　　　　　　s/Mark A. Goldsmith
　　　　　　　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 10, 2010.

　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　Case Manager

So Stipulated as to form and content:

| | |
|---|---|
| s/Alan B. Posner with consent | s/Margaret Carroll Alli |
| ALAN B. POSNER (P27981) | MARGARET CARROLL ALLI (P38281) |
| KELMAN LORIA, PLLC | ERIC A. MAHLER (P66383) |
| Attorney for Plaintiff | Ogletree, Deakins, Nash, |
| 17000 W. 10 Mile Rd. Ste. 100 | 　Smoak & Stewart, PLLC |
| Southfield, MI 48075 | Attorneys for Defendant |
| (248) 228-8870 | 33 Bloomfield Hills Parkway, Suite 120 |
| (248) 228-8875 Fax | Bloomfield Hills, Michigan 48304 |
| alposner@kelmanloria.com | (248) 593-6400 |
| | (248) 593-2603 |
| | meg.alli@ogletreedeakins.com |
| | eric.mahler@ogletreedeakins.com |

9439120.1 (OGLETREE)